UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARGRET BRACE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>NCC BUSINESS SERVICES, INC. d/b/a NCC BUSINESS SERVICES OF OHIO, INC.,<br><br>        Defendant. | Case No.: 17-cv-345<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Nancy Joseph |

Plaintiff Margret Brace("Plaintiff"), by her attorneys and Class Counsel, Ademi & O'Reilly, LLP, and NCC Business Services, Inc.("NCC" or "Defendant"), by its attorneys, Bassford Remele, for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

1. This action was brought by Plaintiff on her behalf and on behalf of all other persons similarly situated to Plaintiff.

2. Plaintiff's alleged claims under the Fair Debt Collection Practices Act ("FDCPA") are based on a specific collection letter sent by Defendant to the Plaintiff and the Class.

3. Plaintiff has moved the Court to certify a class of similarly situated individuals, and sought to have the Court appoint Plaintiff as the Class Representative and Ademi & O'Reilly, LLP as Class Counsel. The parties subsequently stipulated to the certification of a settlement class.

4. Defendant has denied, and continues to deny, liability to the Plaintiff or any putative class for the claims alleged herein, but considers it desirable that the action and the claims alleged therein be settled.

5. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties, attached hereto as Exhibit A.

6. For the purposes of settlement only, the parties have stipulated to the certification of the following class ("Class"):

> All natural persons in the State of Wisconsin who were sent a collection letter by NCC, in which the "Current Creditor" field is blank, seeking to collect a debt for personal, family, or household purposes, between March 9, 2016 and March 9, 2017, inclusive, that was not returned by the postal service.

The Class includes 155 persons, according to Defendant's records. The proposed Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

7. The parties also incorporate herein by reference, as a basis for certifying the Settlement Class and for purposes of effectuating this settlement only, Plaintiff's Motion for Class Certification. (Dkt. No. 3).

8. Solely for the purposes of settlement, this motion for preliminary approval thereof, and to effectuate the proposed settlement, Defendant does not dispute that a class should be certified for settlement purposes only. Defendant also acknowledges federal courts favor settlement of class action litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

9. Class Counsel and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and/or trial, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arm's-length negotiations, Plaintiff, on behalf of herself and the putative Class, and Defendant entered into the Class Settlement Agreement.

10. Pursuant to the Class Settlement Agreement, Plaintiff and Defendant have agreed as follows:

(a) <u>Relief to Plaintiff</u> – Plaintiff shall receive $3,000.00 as a combination of both her individual alleged damages and an incentive award for serving as class representative;

(b) <u>Relief to Class</u> – NCC agrees to pay each Class Member a Settlement Check in the amount of ninety dollars and zero cents ($90.00). Class Members who do not request exclusion from the Settlement in a timely manner will become Settlement Class Members and will receive a Settlement Check after the Court's approval of the Settlement becomes final, without need to file a claim form. An amount equal to that represented by any Settlement Check(s) that are returned undeliverable without a forwarding address or otherwise remain uncashed after ninety (90) days after issuance, will be presented to SecureFutures as a *cy pres* award. *See* https://securefutures.org/.

(c) <u>Attorneys' fees</u> – Subject to Court approval, Class Counsel will receive $35,000.00 in attorneys' fees and costs. Defendants will not oppose said request so long as all other provisions of the Agreement are approved; and

(e) <u>Class Notice</u> – Defendant will pay the cost of providing notice to the Class and of the administration of the settlement. Defendant may do either or both of these things itself internally, or through a claims administrator and/or mailing service. Class members shall have forty five (45) days to opt-out or to object to the proposed settlement or to return a claim form.

11. The Class Representative and Class Counsel believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the Class.

WHEREFORE, Class Counsel and Defendant respectfully request that this Court enter an Order in the form of <u>Exhibit B</u> to this motion (the "Preliminary Approval Order"), which:

(i) Grants preliminary approval of the proposed settlement;

(ii) Directs the mailing of notice in the form of <u>Exhibit C</u> to this motion subject to any modification deemed necessary by the Court;

(iii). Appoints Margret Brace as Class Representative of the Class;

(iv). Appoints Jesse Fruchter, Ben Slatky, and Ademi & O'Reilly, LLP as Class Counsel;

(v). Sets dates for class members to opt-out or to object or return a claim form;

(vi). Sets a time frame for Defendant to mail class notice; and

(vii). Schedules a hearing for final approval, which will include consideration of an Order granting final approval of this Class Action Settlement (the "Final Order"), a proposed copy of which is attached hereto as <u>Exhibit D</u>.

| | |
|---|---|
| **ADEMI & O'REILLY, LLP** | **BASSFORD REMELE** |
| /s/ Jesse Fruchter | /s/ Michael A. Klutho |
| Jesse Fruchter SBN 1097673 | Michael A. Klutho SBN 1038353 |
| Ben J. Slatky SBN 1106892 | Jeffrey R. Peters |
| 3620 East Layton Avenue | 100 South 5th Street, Suite 1500 |
| Cudahy, WI 53110 | Minneapolis, MN 55402 |
| Phone No.: (414) 482-8000 | Phone No: (612) 333-3000 |
| Email: jfruchter@ademilaw.com | E-mail: mklutho@bassford.com |
| *Counsel for Plaintiff and Proposed Class* | *Counsel for Defendant* |

4